**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM D. RODGERS | : | |
| | : | |
| Appellant | : | No. 2377 EDA 2017 |

Appeal from the Judgment of Sentence February 16, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0006200-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 19, 2018**

Appellant, William D. Rodgers, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial convictions for rape of an unconscious person, sexual assault, indecent assault without consent, and indecent assault of an unconscious person.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST-SENTENCE MOTION ALLEGING THAT THE GUILTY VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

---

[1] 18 Pa.C.S.A. §§ 3121(a)(3); 3124.1; 3126(a)(1), (4), respectively.

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR MISTRIAL BASED ON THE COMMONWEALTH'S FAILURE TO DISCLOSE THE CONTENT OF AN ALLEGED ORAL CONFESSION PRIOR TO TRIAL.

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James P. Bradley, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed September 14, 2017, at 2-13) (finding: **(1)** Victim testified that she woke up from sleeping on Appellant's couch to Appellant having sex with her; Victim testified she tried to push Appellant away, but she could not move, felt "numb" and "weird," and told Appellant to "get off"; Victim said Appellant apologized afterwards and told her not to go to police; police documented Victim's bruises, which were consistent with her version of events; defense counsel thoroughly cross-examined Victim and impeached her credibility with inconsistencies between report she gave to police, her answers to nurse's questionnaire, Victim's preliminary hearing testimony, and her trial testimony; defense counsel also brought to light discrepancies concerning timing of events, Victim's condition throughout day, and her ability to recall; defense counsel thoroughly cross-examined police witnesses and strongly implied police investigation was "shoddy" and "suspect"; case turned on credibility and jury, as is its prerogative and in

accord with its duty, decided Victim's testimony was credible and rejected Appellant's version of events; jury decided Appellant engaged in intercourse with Victim without her consent and while she was unconscious; jury's verdict is not so contrary to evidence as to shock one's sense of justice; thus, Appellant's challenge to weight of evidence fails; **(2)** Detective Laughlin testified at trial that before Appellant reduced his statement to police to writing, he told detective that after Victim dozed off and closed her eyes, Appellant got up, knelt between Victim's legs with his penis exposed, and attempted to have intercourse with Victim, but Appellant could not maintain erection due to intoxication; in Appellant's written statement to police, Appellant maintained that he awoke to Victim fondling his penis and trying to have sex with him; content of Appellant's oral statement was not disclosed to defense or prosecution prior to trial, and parties heard substance of oral statement for first time during Detective Laughlin's trial testimony; nevertheless, defense counsel did not make contemporaneous objection to this testimony; at close of prosecutor's direct examination of Detective Laughlin, parties appeared before court at sidebar to address different issue and defense counsel merely indicated he was "disturbed" by Detective Laughlin's testimony concerning Appellant's oral statement, which had not been documented in police investigative report; defense counsel then cross-examined Detective Laughlin about why he would not document Appellant's oral statement in detective's report or communicate that statement to

prosecutor and defense prior to trial; defense counsel suggested detective's failure to document Appellant's oral statement was at odds with police protocol; significantly, defense counsel did not move for mistrial until after he finished cross-examining detective; defense counsel should have lodged objection when Detective Laughlin testified about Appellant's oral statement; if defense counsel had timely objected, then court could have issued instruction directing jury to disregard testimony about Appellant's oral statement; court properly denied motion for mistrial, where Appellant failed to lodge contemporaneous objection to offending testimony). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/18